
FILED Rec'd
IN CLERK'S OFFICE 5/15/14
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 14 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GREGORY PERKINS,

            Plaintiff,

-against-

DORA B. SCHRIRO "Commissioner";
CARLTON NEWTON "Warden";
MR. BROWN "Grievance Coordinator";
CLARKE #4399; BOYDE # 18468;
WEISE # 18492;

            Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-2670 (KAM)

MATSUMOTO, United States District Judge.

    Plaintiff Gregory Perkins, currently being held at the Otis Bantum Correctional Center at Rikers Island, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary damages and injunctive relief. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against Commissioner Dora B. Schriro are dismissed. Plaintiff's claims against Warden Carlton Newton, Mr. Brown and Correction Officers Clake, Boyde and Weise shall proceed.

## STANDARD OF REVIEW

    *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir.

1

2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act ("PLRA"), *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff alleges that Department of Corrections employees have deprived him of his medically-required therapeutic diet while he was in transit between his housing unit and court, medical and other appointments. Plaintiff further alleges that although he continually attempted to resolve the matter through the Inmate Grievance Resolution Program, his grievances have gone unanswered, depriving him of due process.

To sustain a claim brought under Section 1983, plaintiff must allege that (1) "the conduct complained of . . . [was] committed by a person acting under color of state law;" and (2) "the

2

conduct complained of must have deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Plaintiff must also allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Even construing the complaint liberally, plaintiff has not alleged any facts to support a conclusion that Commissioner Schriro had any involvement in the alleged deprivation of his civil rights. Moreover, supervisory status alone is not sufficient to impose liability. See, e.g., Hayut v. State Univ. of N.Y., 352 F.3D 733, 753 (2d Cir. 2003). In contrast, the complaint alleges sufficient facts against defendants Newton, Brown, Clarke, Boyd and Weise to proceed at this stage. These allegations, construed liberally, are sufficient to give these defendants fair notice of what the claim are and the grounds upon which they rest.

## CONCLUSION

Accordingly, all claims against Commissioner Dora B. Schriro are dismissed. 28 U.S.C. §§ 1915A. No summons shall issue as to this defendant and the Clerk of Court is requested to amend the caption to reflect the dismissal of this defendant. Plaintiff's request for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order is denied as plaintiff did not allege specific facts demonstrating a likelihood of success on the merits, nor has he made a showing of immediate or irreparable harm. *See* Fed. R. Civ. P. 65(b).

Plaintiff's claims shall proceed against Warden Carlton Newton, Mr. Brown and Correction Officers Clarke, Boyd and Weise. The United States Marshal Service is directed to serve the summonses, complaint, and this Order upon the remaining defendants without

3

prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York.

The Clerk of Court shall send a copy of this Order to plaintiff. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                             KIYO A. MATSUMOTO
                                                             United States District Court

Dated: Brooklyn, New York
      May 14, 2014